## 32214. MILLER v. DUNHAM.

UNDERCOFLER, Presiding Justice.

This appeal involves the construction of item 6 of Howard Miller, Sr.'s will, who died about 1930. It provides: "I give, bequeath and devise to my sons, William Miller, Howard Miller, Jr., Jake Miller, and Tarver Miller, two hundred acres of land, more or less, . . . and being known as my 'Elam Place,' to be divided equally among them, for and during their natural life and at their death to go to the heirs of their body, . . ."

The property was divided and Jake Miller received Tract No. 3 consisting of 53.7 acres for life and at his death to the heirs of his body. Jake Miller had one son, J. D. Miller, who predeceased him about 1966. Jake Miller died in 1970. The parties stipulated that Jake Miller held a life estate and his son J. D. Miller had a vested remainder subject to open and taking in additional children. The

question here is whether J. D. Miller's remainder was divested when he predeceased his father.

This action was brought by the administrator d/b/n/ c/t/a of Howard Miller, Sr., to recover possession of the property. He claims J. D. Miller's interest was divested when he predeceased his father and after the life estate terminated the property reverted to Howard Miller, Sr.'s estate.

The trial court held that J. D. Miller held a vested remainder not subject to divestiture and therefore the plaintiff had no interest in the property. The trial court dismissed the action on the merits. We agree.

"The Rule in Shelley's Case is noticed here, because an understanding of it is essential to a knowledge of some of the problems of estates with which this chapter is dealing. This rule has been abolished in England by statute, and it is no longer of force in Georgia, as the reverse of its doctrine has been established by our Code. Under our Code, in limitations over, words which were words of limitation have been made words of purchase and declared to have the same meaning as the word 'children.' Therefore, in Georgia, a conveyance to 'A' of a life estate with remainder to his 'heirs,' 'issue,' 'heirs of his body,' 'children,' or others named by words of similar import would create an estate for life in 'A' with remainder to his children in being at the time the grant or devise took effect, subject to open and take in afterborn children. For illustration, in a devise to one for life, with remainder to his children as a class, there being no child of the life-tenant in esse at the death of the testator, the remainder is construed to be contingent until the birth of a child, when the title to the remainder immediately vests, subject to open and take in all children born before the termination of the life-estate." Redfearn, Wills and Administration in Georgia, (3d Ed.), p. 456.

*Judgment affirmed. All the Justices concur.*

Submitted April 8, 1977 — Decided May 13, 1977.

*Coleman & Kitchens, Wilby C. Coleman,* for appellant.

*Long, Denton & Spencer, A. D. Denton, W. H. Long, James Lovett,* for appellee.